1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES JOHNSON,

11            Plaintiff,                    No. CIV. S-11-0841 JAM GGH PS

12        vs.

13   SWINERTON BUILDERS,

14            Defendant.              <u>ORDER</u>

15   _____/

16            Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

18   302(21), pursuant to 28 U.S.C. § 636(b)(1).

19            Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

20   § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

21            The determination that plaintiff may proceed in forma pauperis does not complete

22   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

23   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

24   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

25   an immune defendant.

26            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

2   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

3   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

5   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

6   Cir. 1989); Franklin, 745 F.2d at 1227.

7          A complaint must contain more than a "formulaic recitation of the elements of a

8   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

9   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

10  "The pleading must contain something more...than...a statement of facts that merely creates a

11  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

12  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

13  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

14  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

15  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

16  the court to draw the reasonable inference that the defendant is liable for the misconduct

17  alleged."  Id.

18          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

19  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

20  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

21  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

22  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

23          The court cannot determine whether the complaint is frivolous or can be amended

24  to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1]  Rule 8 sets forth general

25  

26          [1]  Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

rules of pleading for the Federal Courts.  Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief.  The complaint meets none of these requirements.

The court is unable to determine a jurisdictional basis for this action.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the

1    meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr,

2    369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

3            In this case, plaintiff alleges that employees of defendant building company

4    taunted him with racially motivated comments.

5            The complaint asserts no basis for jurisdiction.  It does not raise a federal question

6    but is limited to an employment dispute which should be adjudicated in state court.  Only if

7    plaintiff can allege a violation of his constitutional rights or federal law can he maintain an action

8    for which there is federal jurisdiction.[2]

9            Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an

10   unlawful employment practice for an employer to "fail or refuse to hire or to discharge any

11   individual, or otherwise to discriminate against any individual with respect to his compensation,

12   terms, conditions, or privileges of employment, because of such individual's *race, color,*

13   *religion, sex, or national origin*."  Id., § 2000e-2(a)(1) (emphasis added).  If the employer

14   permits the work environment to be permeated by hostility based on the emphasized protected

15   categories, this hostile work environment itself violates Title VII.  Meritor Savings Bank v.

16   Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986).

17           If plaintiff intends to make a claim for racial discrimination under the Civil Rights

18   Act, he must allege how the employer violated his rights under the authority set forth above.  If

19   he alleges violations of Title VII of the Civil Rights Act, he must also allege that he has

20   administratively exhausted these claims, and received a right to sue letter from the EEOC.  A

21   plaintiff filing a complaint under Title VII has ninety days to file the complaint in federal court

22   after receipt of the EEOC's right to sue letter.  See 42 U.S.C. § 2000e-16(c); 29 C.F.R. §

23   1614.408(c).[3]  An EEOC charge must be filed within 180 days of the last discriminatory act (or

24

25           [2]  It is unclear whether plaintiff may state a claim under the Fair Labor Standards Act.

26           [3]  In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged
     violation.  See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v.Coeur Rochester, Inc., 147

4

1   within 300 days in a state, such as California, which has its own anti-discrimination laws and

2   agency).  See  42 U.S.C. S 2000e-1.

3          Additionally, the complaint is not a short and plain statement of the allegations.

4   The requirement of a short and plain statement means a complaint must include "sufficient

5   allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block,

6   932 F.2d 795, 798 (9th Cir. 1991). Here, plaintiff's only allegation is: "I was taunted by

7   superintendent Bill Scott Are you from Africa.  I felt very displease and would like to come to

8   monetary agreement negoitable." [Sic].  See Richmond v. Nationwide Cassel L.P., 52 F.3d 640,

9   645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement of  Rule

10  8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

11         Finally, the complaint does not state the specific relief sought.  Because plaintiff

12  has failed to comply with Fed. R. Civ. P. 8(a), the complaint must be dismissed.  The court will,

13  however, grant leave to file an amended complaint.

14         If plaintiff chooses to amend the complaint to state a federal claim, plaintiff must

15  demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

16  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

17  must allege in specific terms how each named defendant is involved.  There can be no liability

18  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

19  actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v.

20  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

21  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

22  violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

24  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25

26  F.3d 1104, 1107 (9th Cir. 1998).  This requirement effectively serves as a statute of limitations
    for the filing of Title VII claims.  See Draper, 147 F.3d at 1107.

1  complaint be complete in itself without reference to any prior pleading.  This is because, as a

2  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

3  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

4  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

5  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6          Good cause appearing, IT IS ORDERED that:

7          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8          2.  The complaint is dismissed for the reasons discussed above, with leave to file

9  an amended complaint within twenty-eight (28) days from the date of service of this Order.

10  Failure to file an amended complaint will result in a recommendation that this action be

11  dismissed.

12  DATED: July 5, 2011

                                                    /s/ Gregory G. Hollows

13                                    _____

14                                              GREGORY G. HOLLOWS
                                                 UNITED STATES MAGISTRATE JUDGE

15  GGH:076/Anderson2833.amd.wpd

16

17

18

19

20

21

22

23

24

25

26